[relates to Docket Item 9]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHRISTINE CHEESEMAN & MARTA RODRIGUEZ, | : | HON. JEROME B. SIMANDLE |
| | : | Civil No. 08-4814 (JBS) |
| Plaintiffs, | : | |
| v. | : | **OPINION** |
| BAXTER HEALTHCARE CORPORATION, | : | |
| Defendant. | : | |

APPEARANCES:

Janice L. Heinold, Esq.
RAKOSKI & ROSS, P.C.
76 East Main Street
Marlton, NJ 08053
    Attorney for Plaintiffs Christine Cheeseman & Marta
    Rodriguez

Christopher H. Lowe, Esq.
SEYFARTH SHAW, LLP
620 Eighth Avenue
New York, NY 10018-1405
(212) 218-5523
    Attorney for Defendant Baxter Healthcare Corporation

**SIMANDLE**, District Judge:

    This matter is before the Court upon the motion [Docket Item
9] of Defendant Baxter Healthcare Corporation ("Baxter") to
dismiss Plaintiffs' Complaint for failure to state a claim.
Plaintiffs Christine Cheeseman and Marta Rodriguez filed this
action against Baxter, alleging, inter alia, that Baxter
terminated their employment in violation of various provisions of
New Jersey law.  The principal issues to be decided concern the
particularity of pleading required to set forth cognizable claims

under the New Jersey laws pertaining to employment discrimination, including hostile working environment.  For the reasons set forth below, the Court will grant Defendant's motion to dismiss, although, with respect to all but one of Plaintiffs' claims, such dismissal will be without prejudice to Plaintiffs' right to file an Amended Complaint that complies with Rule 8, Fed. R. Civ. P, within ten days of the entry of the Order accompanying this Opinion.

**I.    BACKGROUND**

**A.    Facts**

The few facts that may be derived from Plaintiffs' Complaint are as follows.  Plaintiffs Cheeseman and Rodriguez are New Jersey residents who were formerly employed by Defendant Baxter to work as label technicians in Baxter's Cherry Hill facility. (Compl., Count I, ¶¶ 1-3.)  According to the Complaint, Plaintiffs "performed their jobs in a workmanlike manner from the dates of hire up to and including May 22, 2008, at which time plaintiffs were terminated by the defendant Baxter."  (Id. at ¶ 4.)  Three days prior to their termination, Plaintiffs were suspended "for not doing their work and/or allegedly sleeping on the job," charges which Plaintiffs deny.  (Id. at ¶ 5.)

Plaintiffs allege that they "were also subjected to a hostile work environment, including racial harassment by African American co-workers."  (Id. at ¶ 6.)  Plaintiffs allegedly

2

complained to their supervisor and to Defendant's Human Resources Department about the "harassment," but no action was taken in response to their complaints.  (Id. at ¶ 7.)  Plaintiffs allege that they suffered emotional harm as a result of such harassment. (Id. at ¶ 8.)

### B.  Procedural History

Plaintiffs filed this action in Camden County Superior Court on August 20, 2008.  They allege that Defendant wrongfully terminated them in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, et seq. (Count II); created a hostile work environment in violation of the NJLAD (Count III); engaged in action contrary to public policy in violation of New Jersey common law (Count IV); and intentionally and negligently inflicted emotional distress (Counts V and VI). Plaintiffs also assert a claim for punitive damages (Count VII).[1] Defendant timely removed the matter to this Court pursuant to 28 U.S.C. § 1441(a) [Docket Item 1],[2] and subsequently filed the motion to dismiss presently under consideration, to the merits of which the Court now turns.

---

[1]  The first count of the Complaint contains a recitation of the background facts, and does not appear to assert a separate cause of action.

[2]  The Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, as there is perfect diversity between Plaintiffs (who are residents of New Jersey) and Defendant (which is a Delaware corporation).

## II.   DISCUSSION

### A.   Standard of Review

On a Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief may be granted, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

> While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level."

Phillips, 515 F.3d at 234. "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

4

formulaic recitation of the elements of a cause of action will
not do." Twombly, 127 S. Ct. at 1964-65 (quoting Papasan v.
Allain, 478 U.S. 265, 286 (1986)).

> "[S]tating . . . a claim requires a complaint with enough
> factual matter (taken as true) to suggest" the required
> element. [Twombly, 127 S. Ct. at 1965 n.3.]  This "does
> not impose a probability requirement at the pleading
> stage," but instead "simply calls for enough facts to
> raise a reasonable expectation that discovery will reveal
> evidence of" the necessary element.  Id.

Phillips, 515 F.3d at 234.  "In deciding motions to dismiss
pursuant to Rule 12(b)(6), courts generally consider only the
allegations in the complaint, exhibits attached to the complaint,
matters of public record, and documents that form the basis of a
claim." Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir.
2004) (citation omitted).

**B.   Inadequacy of Factual Allegations**

Although the Court is mindful that the pleading standards
set forth above are not onerous, see Swierkiewicz v. Sorema N.A.,
534 U.S. 506, 510-11 (2002), it agrees with Defendant that
Plaintiffs' skeletal allegations do not contain "enough factual
matter (taken as true) to suggest" the required elements of any
of Plaintiffs' claims.  Twombly, 127 S. Ct. at 1965 n.3 (emphasis
added).  As the Court now explains, with the exception of Count
VI, which the Court discusses infra, the Court will grant
Defendant's motion to dismiss without prejudice to Plaintiffs'
right to file an Amended Complaint with sufficient factual matter

5

to state a claim.

The Court first addresses Plaintiffs' hostile work
environment claim, which contains the most factually elaborate
allegations of Plaintiffs' bare-bones pleading.  In support of
their hostile work environment claim, Plaintiffs allege that they
were "subjected to a hostile work environment, including racial
harassment by African American co-workers," (Compl., Count I, ¶
6), and that the "hostile work environment continued" even after
Plaintiffs complained to their supervisor and to the Human
Resources Department.  (Id. at ¶ 7.)  Plaintiffs argue that such
allegations are sufficient to state a claim under a notice
pleading system, relying almost exclusively upon Swierkiewicz,
wherein the Supreme Court explained that "an employment
discrimination plaintiff need not plead a prima facie case of
discrimination" pursuant to McDonnell Douglas Corp. v. Green, 411
U.S. 792 (1973), in order to survive a Rule 12(b)(6) dismissal
motion.  Swierkiewicz, 534 U.S. at 515.

Plaintiffs' argument that their invocation of the terms
"hostile work environment" and "racial harassment" is sufficient
to state a claim for hostile work environment misreads
Swierkiewicz and is contrary to law.  As the Court of Appeals for
the Fourth Circuit explained under almost identical
circumstances:

> In Swierkiewicz v. Sorema, the Court held that a
> complaint in an employment discrimination lawsuit need

not allege specific facts establishing a prima facie case of discrimination . . . . While a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff is required to allege facts that support a claim for relief.  The words "hostile work environment" are not talismanic, for they are but a legal conclusion; it is the alleged facts supporting those words, construed liberally, which are the proper focus at the motion to dismiss stage.

Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 764-65 (4th Cir. 2003) (emphasis in original); see also Twombly, 127 S. Ct. at 1964-65 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (quoting Fed. R. Civ. P. 8(a)(2)) (emphasis added).

Plaintiffs' allegation that they were exposed to a hostile work environment amounts to no more than "labels and conclusions," id., and does not suffice to state a claim under the NJLAD.  To state a hostile work environment claim under the NJLAD, a plaintiff "must demonstrate that the defendant's conduct (1) would not have occurred but for the employee's [protected status]; and [that the conduct] was (2) severe or pervasive enough to make a (3) reasonable [person of the same protected class] believe that (4) the conditions of employment are altered and the working environment is hostile or abusive." Taylor v. Metzger, 152 N.J. 490, 498 (1998) (quotations omitted); see also Cardenas v. Massey, 269 F.3d 251, 263 (3d Cir. 2001) (explaining

7

that alleging a hostile work environment claim under NJLAD tracks the first four elements of a Title VII hostile work environment claim).

Plaintiffs' pleadings do not contain "enough factual matter (taken as true) to suggest" any of these elements. <u>Twombly</u>, 127 S. Ct. at 1965 n.3.  First, it is not apparent which protected status underlies Plaintiffs' hostile work environment claim. While the Complaint's reference to "African[-]American co-workers" suggests that Plaintiffs believe that they were targeted for not being African-American, (Compl., Count I, ¶ 6), Plaintiffs' opposition brief appears to suggest that Plaintiffs were targeted on account of their age and gender, (Pls.' Opp'n Br. at 3); Plaintiffs' allegations thus fail to adequately allege that Plaintiffs "would not have occurred but for the employee[s'] [protected status]." <u>Taylor</u>, 152 N.J. at 498.

Nor does Plaintiffs' conclusory reference to "harassment" or a "hostile work environment," (Compl., Count I, ¶ 6), without more, suffice to satisfy the requirement of alleging that the harassing conduct was severe or pervasive enough to make a reasonable person in the protected class believe that the working environment was hostile or abusive.  <u>See</u>, <u>e.g.</u>, <u>Bass</u>, 324 F.3d at 765 (recognizing that the words "hostile work environment" are "but a legal conclusion," and that the word "harassment" is merely an element of the cause of action).  "[I]t is the alleged

8

facts supporting those words, construed liberally, which are the proper focus at the motion to dismiss stage." Id.  Because Plaintiffs' Complaint fails to allege "enough factual matter (taken as true) to suggest" the elements of their hostile work environment claim, Twombly, 127 S. Ct. at 1965 n.3, and because "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions," id. at 1964-65 (citation omitted), Plaintiffs' hostile work environment claim will be dismissed without prejudice to their right to file an Amended Complaint with adequate factual allegations.

Plaintiffs have likewise failed to plead facts sufficient to support the wrongful termination claim asserted in Count II.  To state a claim for wrongful termination under the NJLAD, a plaintiff must allege "that he or she: (1) belongs to a protected class, (2) was qualified for the position held, (3) was terminated despite adequate qualifications, and (4) [that the circumstances surrounding the termination] permit an inference of . . . discrimination." Bentley v. Millennium Healthcare Centers II, LLC, No. 06-5939, 2009 WL 211653, at *5 n.2 (D.N.J. Jan. 21, 2009) (quoting Monaco v. Am. Gen. Assurance Co., 359 F.3d 296, 301 (3d Cir. 2004)) (internal quotations omitted).  Again, it is not apparent whether Plaintiffs allege that they were terminated on the basis of race, gender, age, or a different "protected

class." Id.  Moreover, while Plaintiffs spell out a host of
unpleaded facts relevant to the issue of whether their
termination was the product of discrimination in their brief in
opposition to Defendant's motion to dismiss, (Pls.' Opp'n Br. at
3-4), such allegations are absent from the Complaint itself.  It
is well-settled that "[a] plaintiff may not amend [the] complaint
through arguments in [a] brief."  Frohner v. City of Wildwood,
No. 07-1174, 2008 WL 5102460, at *9 (D.N.J. Dec. 1, 2008)
(quoting Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir.
1996)).  At present, looking only to the allegations contained in
the Complaint, the Court finds that Plaintiffs' pleadings contain
insufficient factual allegations to "permit an inference of . . .
discrimination."  Bentley, 2009 WL 211653, at *5 n.2.  If they
intend to pursue their wrongful termination claims, Plaintiffs
should file an Amended Complaint that includes the factual matter
set forth in their opposition brief.  Plaintiffs' wrongful
termination claim will thus be dismissed without prejudice to
their right to file an amended pleading with adequate factual
allegations.

        The same is true of Plaintiffs' "claim for action against
public policy, in violation of [Plaintiffs'] common law rights
under Pierce v. Ortho Pharmaceutical Corp.[, 84 N.J. 58 (1980)]."
(Compl., Count IV, ¶ 2.)  To the extent that the public policy
asserted in Count IV is New Jersey's public policy against

discrimination in employment, Defendant is correct that the NJLAD preempts such a claim.  See, e.g., DeJoy v. Comcast Cable Communications Inc., 941 F. Supp. 468, 475-76 (D.N.J. 1996).  In apparent recognition of this fact, Plaintiffs assert for the first time in their opposition brief that they believe that they were terminated for making "OSHA-type complaints regarding unsafe working conditions."  (Pls.' Opp'n Br. at 5.)  Such allegations are absent from the Complaint, and, as the Court recognized, supra, Plaintiffs are not permitted to amend their Complaint through arguments raised in their opposition brief.  See Frohner, 2008 WL 5102460, at *9.  Because the Complaint alleges no facts to support a non-preempted Pierce claim, see DeJoy, 941 F. Supp. at 475-76, the Court will dismiss Count IV without prejudice to Plaintiffs' right to file an Amended Complaint with facts adequate to support such a claim, including facts supportive of their theory that they were terminated for making "OSHA-type complaints."  (Pls.' Opp'n Br. at 5.)

Plaintiffs likewise have failed to allege facts sufficient to support their claim for intentional infliction of emotional distress.

> [T]o establish a claim for intentional infliction of emotional distress, the plaintiff[s] must establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe . . . . The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

11

Buckley v. Trenton Saving Fund Soc., 111 N.J. 355, 366 (1988) (internal quotations and citations omitted).  Plaintiffs have not alleged facts suggestive of such outrageous and extreme conduct; the closest Plaintiffs come to pleading such facts is their allegation that they were "harass[ed]" and subjected to a "hostile work environment," (Compl., Count I, ¶ 6), but, as the Court has already explained, such statements are merely "labels and conclusions" that do not meet even the undemanding requirements of Rule 8, Fed. R. Civ. P.  See, e.g., Bass, 324 F.3d at 765.  Plaintiffs' claim for intentional infliction of emotional distress will be dismissed without prejudice to refiling in a factually supported Amended Complaint.

**C.   Negligent Infliction of Emotional Distress Claim**

Finally, the Court will grant Defendant's motion to dismiss Plaintiffs' claim for negligent infliction of emotional distress. "The New Jersey Workers' Compensation Act, N.J.S.A. § 34:15-8, provides the exclusive remedy by which an employee may recover for injuries caused by workplace negligence." Smith v. Exxon Mobil Corp., 374 F. Supp. 2d 406, 424 (D.N.J. 2005) (emphasis added) (citing numerous cases so holding).  As courts in this District have recognized, the Workers' Compensation Act precludes an employee from bringing a common law claim for negligent infliction of emotional distress.  See, e.g., id.  Because Count VI of the Complaint fails to state a claim for which relief may

be granted, and because no amendment would cure the deficiency of this claim, the Court will dismiss Count VI of the claim with prejudice.[3]

## III. CONCLUSION

For the reasons explained above, the Court will grant Defendant's motion to dismiss the Complaint.  With the exception of Count VI, Plaintiffs' claims are dismissed without prejudice to their right to file, within ten (10) days of the entry of the Order accompanying this Opinion, an Amended Complaint with "enough factual matter (taken as true) to suggest" the elements of the claims they assert.  Twombly, 127 S. Ct. at 1965 n.3. Count VI is dismissed with prejudice, as no amendment can cure the deficiency of Plaintiffs' negligent infliction of emotional distress claim.  The accompanying Order is entered.


__May 13, 2009__                         __ s/ Jerome B. Simandle__
Date                                     JEROME B. SIMANDLE
                                         United States District Judge

---

[3]  Count VII of the Complaint appears to assert a claim for punitive damages.  Because Plaintiffs' substantive claims have been dismissed for the reasons explained above, their claim for punitive damages will likewise be dismissed.